**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ANDREW J. ALLERDICE,

　　　　　Petitioner - Appellant,

　v.

CHARLES L. RYAN, Director of the
Arizona Department of Corrections, and
ARIZONA ATTORNEY GENERAL,

　　　　　Respondents - Appellees.

---

No. 08-17281

D.C. No. 3:07-cv-08049-NVW

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and submitted August 30, 2010
San Francisco, California

Before:  B. FLETCHER, TALLMAN, and RAWLINSON, Circuit Judges.

Petitioner-Appellant Andrew Allerdice timely appeals the district court's

denial of his habeas corpus petition.  Because the parties are familiar with the facts

---

　[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and procedural history of this case, we will discuss them only as necessary to explain our decision.

We review the denial of a petition for writ of habeas corpus de novo. *Holley v. Yarborough*, 568 F.3d 1091, 1098 (9th Cir. 2009) (citation omitted). A writ may only be granted on a claim adjudicated in state court if the state court proceeding applied a legal rule that contradicts controlling Supreme Court authority, comes to a different conclusion when presented with materially indistinguishable facts, or identifies the correct legal standard but applies it in an objectively unreasonable manner to the facts. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404–13 (2000). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

Allerdice first argues that his trial counsel's stipulations constituted ineffective assistance of counsel. To prevail on an ineffective assistance claim, a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Allerdice argues that prejudice should be presumed, because his lawyer failed to subject the state's case to "meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 659–60 (1984). For prejudice to be presumed, counsel's failure must be complete. *Bell v. Cone*, 535 U.S. 685, 696–98 (2002). Here, although counsel stipulated to certain facts, he also obtained stipulations

from the state regarding defense exhibits, offered evidence, cross-examined witnesses, elicited favorable testimony, and presented a coherent if ultimately unsuccessful defense in closing argument. This is not a complete failure to test the State's case. Thus, *Strickland*, rather than *Cronic*, governs assessment of Allerdice's ineffective assistance of counsel claim.

Counsel was not ineffective. Strategic choices as to how to defend a case are "virtually unchallengeable." *Strickland*, 466 U.S. at 690. Counsel chose a strategy of defending on lack of intent to defraud, bolstered by claims of poor police work, after an adequate investigation; given the facts, the choice fell within a "wide range of reasonable professional assistance." *Id*. at 689. Moreover, Allerdice cannot show that he was prejudiced, as his claim that the State was unprepared to prove its case absent the stipulations is speculative. The Mohave County Superior Court's rejection of Allerdice's ineffective assistance of counsel claim was not objectively unreasonable. *Williams*, 529 U.S. at 409.

Allerdice next contends that the stipulations, entered over his express objection, constituted the "practical equivalent of a plea of guilty." *Brookhart v. Janis*, 384 U.S. 1 (1966). A plea of guilty is not just an admission of guilt, but an agreement that no further proof by the prosecution is required; there is nothing to do but impose judgment. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

3

The Arizona court did not unreasonably reject this claim. First, it was not fairly presented in state court. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). Instead of relying on *Brookhart*, Allerdice framed his claim as an ineffective assistance of counsel claim, predicated on a failure to reasonably inform. This was inadequate to alert the state court to the controlling legal principles that he now relies on. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Rose v. Palmateer*, 395 F.3d 1108, 1111–12 (9th Cir. 2005), *cert. denied*, 545 U.S. 1144 (2005); *see also Picard*, 404 U.S. at 277 (rejecting as procedurally defaulted an equal protection claim that "entered this case only because the Court of Appeals injected it"). Accordingly, Allerdice did not exhaust this claim. *Id.* at 275. Because the time for Allerdice to raise this claim in state court has expired, Ariz. R. Crim. P. 32.4, 32.1, he has procedurally defaulted it, and federal habeas relief is unavailable absent cause and prejudice or a fundamental miscarriage of justice, which Allerdice has not attempted to demonstrate. *Engle v. Isaac*, 456 U.S. 107, 125 n.28, 129 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Second, even if not procedurally defaulted, Allerdice's claim lacks merit. The stipulations did not compare to a guilty plea. Defense counsel still vigorously contested the state's evidence, especially with respect to Allerdice's mental state. Moreover, counsel's conduct in Allerdice's trial was more like that in *Florida v.*

4

*Nixon*, 543 U.S. 175, 188–89 (2004), than it was like that in *Brookhart*. In *Nixon*, counsel conceded his client's guilt in order to preserve his credibility to argue mitigation at the penalty phase. The *Nixon* court determined that there was no *Brookhart* violation, and that counsel's actions did not violate the defendant's constitutional rights.

Allerdice's original claim of failure to reasonably inform was equally unmeritorious. The record demonstrated that counsel began negotiating the stipulations, with Allerdice's knowledge, six months before trial. Further, although Allerdice objected to the stipulations, he simultaneously rejected any plea deal. He did not show lack of consultation or prejudice. However denominated, the Mohave County Superior Court reasonably rejected Allerdice's claim.

**AFFIRMED.**

*Allerdice v. Ryan*, Case No. 08-17281
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.